J-S02011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PERRY FORD | |
| Appellant | No. 3125 EDA 2013 |

Appeal from the Judgment of Sentence May 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009903-2011

BEFORE: MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 04, 2015**

Appellant, Perry Ford, appeals from the May 30, 2013 aggregate judgment of sentence of eight to 16 years' imprisonment, imposed after he was found guilty at a bench trial of one count each of unlawful contact with a minor, indecent assault, indecent exposure, simple assault, and corruption of minors.[1] After careful review, we vacate and remand with instructions.

The trial court summarized the relevant factual and procedural history of this case as follows.

> At around 7:30 p.m. on May 28, 2011, [Appellant] …, was out front of 3947 Priscilla Street in Philadelphia, Pennsylvania, where the victim, [T.W.], lives. The victim is a fourteen (14) year-old mentally retarded girl who reads at a

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 3126(a)(2), 3127(a), 2701(a), and 6301(a)(1)(i), respectively.

prekindergarten level and has difficulty taking care of herself.

In his statement, [Appellant] told detectives that the victim's mother sent the victim over "to take care of him," and that if the victim had been only 11 years old, that would have been "better for me". According to the victim's mother, [Appellant] kissed and hugged the victim; he then turned her around and put one arm around her neck in a headlock. With his other hand, [Appellant] reached inside the victim's underwear and rubbed her buttocks. [Appellant] then reached for his zipper, exposed his penis, and rubbed it between the victim's butt cheeks. The victim freed herself from [Appellant] and ran into her house.

When police responded to the 3900 block of Priscilla Street, they observed an angry crowd of people screaming that [Appellant] had just raped a little girl. The police had the young victim identify [Appellant] before arresting him and taking him to the hospital[.]

Trial Court Opinion, 6/30/14, at 3 (internal citations omitted).

On August 30, 2011, the Commonwealth filed an information charging Appellant with the above-mentioned offenses as well as four counts of criminal attempt, and one count each of unlawful restraint, false imprisonment, recklessly endangering another person, and endangering the welfare of a child.[2] At some point, Appellant filed a motion to suppress his

_____

[2] 18 Pa.C.S.A. §§ 901(a), 2902(a)(1), 2903(a), 2705, and 4304(a)(1), respectively.

statement to police.[3]  On November 26, 2012, the trial court conducted a

suppression hearing, at the conclusion of which, the trial court denied

Appellant's motion to suppress.  Appellant proceeded to a three-day bench

trial on January 23, 2013, at the conclusion of which, the trial court found

Appellant guilty of one count each of unlawful contact with a minor, indecent

assault, indecent exposure, simple assault, and corruption of minors.  The

trial court acquitted Appellant of all remaining charges.

On May 30, 2013, the trial court imposed an aggregate sentence of

eight to 16 years' imprisonment.[4]  On June 4, 2013, Appellant filed a timely,

post-sentence motion.  On October 4, 2013, the trial court entered an order

denying Appellant's post-sentence motion by operation of law.  ***See***

_____

[3] Although this Court has a copy of the transcript pertaining to this suppression motion, the motion itself does not appear in the certified record, nor does it appear on the docket sheet.  Nevertheless, because all parties agree on the subject of the suppression motion, the trial court had provided an analysis of the issue in its opinion, and this Court has the suppression motion transcript, we decline to find waiver on this basis.  ***Cf. Commonwealth v. O'Black***, 897 A.2d 1234, 1240 (Pa. Super. 2006) (concluding the defendant waived his suppression issue where this Court was "unable to determine whether O'Black actually filed a motion to suppress and [was] equally unable to determine whether the trial court's decision to deny the motion to suppress constitutes error[]").

[4] Specifically, the trial court sentenced Appellant to three to six years' imprisonment for unlawful contact with a minor, two to four years' imprisonment for indecent assault, and three to six years' imprisonment for corruption of minors.  All sentences were to run consecutively to each other, and the trial court imposed no further penalty on the remaining charges.  We further note Appellant was determined not to be a sexually violent predator. N.T., 5/30/13, at 2.

*generally* Pa.R.Crim.P. 720(B)(3)(b). On November 1, 2013, Appellant filed a timely notice of appeal.[5]

On appeal, Appellant raises the following three issues for our review.

> I. Is [A]ppellant entitled to a new trial as a result of the pretrial court's denial of his pretrial motion to suppress [his] statement?
>
> II. Is [A]ppellant entitled to a new trial as a result of the ruling of the pretrial court that denied his request for a change of counsel?
>
> III. Is [A]ppellant entitled to a remand for resentencing since the trial court's aggregate sentence of 8 to 16 years is excessive, unreasonable and not supported by [A]ppellant's character, history and condition?

Appellant's Brief at 4.

In his first issue, Appellant avers the trial court erred by not granting his motion to suppress his statement to police. *Id.* at 14. We begin by noting our well-settled standard of review regarding suppression issues.

> [I]n addressing a challenge to a trial court's denial of a suppression motion [we are] limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the [Commonwealth] prevailed in the suppression court, we may consider only the evidence of the [Commonwealth] and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by

---

[5] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Washington***, 63 A.3d 797, 802 (Pa. Super. 2013) (some brackets and citation omitted).

Appellant argues that the waiver of his ***Miranda***[6] warnings was not voluntary as he was under the influence of phencyclidine (PCP).  Appellant's Brief at 14.  The Commonwealth agrees that Appellant "told the police he had taken PCP."  Commonwealth's Brief at 7.  However, the Commonwealth maintains this did not render his ***Miranda*** waiver involuntary.  ***Id.*** at 7-8.

We employ a two-pronged test to ascertain whether an appellant has validly waived his ***Miranda*** rights prior to giving a statement to police. First, we consider "whether the waiver was voluntary, in the sense that [the] defendant's choice was not the end result of governmental pressure[.]" ***Commonwealth v. Pruitt***, 951 A.2d 307, 318 (Pa. 2008) (citation omitted), *cert. denied*, ***Pruitt v. Pennsylvania***, 556 U.S. 1131 (2009). Second, we consider "whether the waiver was knowing and intelligent, in the sense that it was made with full comprehension of both the nature of the right being abandoned and the consequence of that choice."  ***Id.***  The burden rests upon the Commonwealth to establish that the defendant knowingly and voluntarily waived his ***Miranda*** rights.  ***Id.***

---

[6] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

In determining whether the Commonwealth has satisfied its burden, we "must consider the totality of the circumstances surrounding the confession." **Commonwealth v. Housman**, 986 A.2d 822, 840 (Pa. 2009), *cert. denied*, **Housman v. Pennsylvania**, 131 S. Ct. 199 (2010). The following factors are important in evaluating the totality of the circumstances.

> [T]he duration and means of interrogation; the defendant's physical and psychological state; the conditions attendant to the detention; the attitude exhibited by the police during the interrogation; and any other factors which may serve to drain one's powers of resistance to suggestion and coercion.

**Commonwealth v. Perez**, 845 A.2d 779, 787 (Pa. 2004) (citations omitted). Here, Appellant's argument appears to focus on the second prong of the analysis. Appellant argues that his **Miranda** waiver was involuntary because he was high on PCP at the time. Appellant's Brief at 14.

It is axiomatic that "[i]ntoxication is a factor to be considered, but it is not sufficient, in and of itself to render the confession involuntary." **Commonwealth v. Manning**, 435 A.2d 1207, 1209 (Pa. 1981) (citation omitted).

> The fact that an accused has been drinking does not automatically invalidate his subsequent incriminating statements. The test is whether he had sufficient mental capacity at the time of giving his statement to know what he was saying and to have voluntarily intended to say it. Recent imbibing or the existence of a hangover does not make his confession inadmissible, but goes only to the weight to be accorded to it.

- 6 -

*Commonwealth v. Ventura*, 975 A.2d 1128, 1137-1138 (Pa. Super. 2009) (citation omitted), *appeal denied*, 987 A.2d 161 (Pa. 2009). "[W]hen evidence of impairment is present, it is for the suppression court to decide whether the Commonwealth has established by a preponderance of the evidence that the suspect nonetheless had sufficient cognitive awareness to understand the *Miranda* warnings and to choose to waive his rights." *Id.*, *quoting* *Commonwealth v. Britcher*, 563 A.2d 502, 507 (Pa. Super. 1989), *affirmed*, 592 A.2d 686 (Pa. 1991). Our Supreme Court has explained that these standards are "equally applicable to those instances where an accused was allegedly under the influence of drugs or narcotics at the time of his interrogation by police officials." *Manning*, *supra* at 1209-1210.

At the suppression hearing, the Commonwealth presented the testimony of Detective Joseph Jenkins. Detective Jenkins testified that Appellant had "an injury to his mouth … appeared jittery … [and] was talking a little fast, but that was about it." N.T., 11/26/12, at 29. Detective Jenkins further testified that he gave Appellant his *Miranda* warnings. *Id.* at 30. Detective Jenkins asked Appellant seven questions regarding the receipt and waiver of the *Miranda* warnings. *Id.* at 31. Detective Jenkins wrote down Appellant's answers, gave Appellant the form so he could read it over, and Appellant signed it. *Id.* Detective Jenkins testified that Appellant told him "he wanted to tell [Detective Jenkins] his side of the story." *Id.* at 32.

- 7 -

Further, Detective Jenkins testified that he had witnessed people who were under the influence of PCP and "[t]hey become violent and uncontrollable." *Id.* at 55. Based on Detective Jenkins' observations, he "believed [Appellant] understood where he was at." *Id.* at 31-32.

Appellant also testified at the suppression hearing. Appellant testified that he did consume PCP the day he was arrested but did not recall being arrested. *Id.* at 64. Appellant testified he has consumed PCP every day since 2004. *Id.* at 65. Appellant testified that had he not been on PCP that day, he would have answered Detective Jenkins' *Miranda* questions differently and would have invoked his right to counsel. *Id.* at 66-67. Appellant testified that he did not remember anything connected to receiving or waiving his *Miranda* rights. *Id.* at 68.

After careful review, we conclude Appellant is not entitled to relief. This Court has explained time and again that the trial court's credibility determinations are binding on us. *Commonwealth v. Hudson*, 92 A.3d 1235, 1241 (Pa. Super. 2014). As an appellate court, we cannot substitute our judgment for that of the trial court. *See Commonwealth v. Bond*, 652 A.2d 308, 311 (Pa. 1995) (stating that an "appellant [may not] seek[] a different ruling from [an appellate court] on the matter of the credibility of the witnesses[]"). Here, the trial court found Detective Jenkins' testimony as to Appellant's demeanor and alertness credible and Appellant's less than credible. N.T., 11/26/12, at 110; Trial Court Opinion, 6/30/14, at 5. As

noted above, Detective Jenkins testified that Appellant appeared alert and aware of his surroundings. N.T., 11/26/12, at 31-32. Based on these considerations, we conclude Appellant "had sufficient cognitive awareness to understand the **Miranda** warnings and to choose to waive his rights." **Ventura**, **supra**. Therefore, we further conclude the trial court properly denied Appellant's motion to suppress. **See Washington**, **supra**.

In his second issue, Appellant avers that the trial court erred in denying his motion for change of counsel. Appellant's Brief at 18.

> The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his or her defense. Similarly, Article I, Section 9 of the Constitution of this Commonwealth affords to a person accused of a criminal offense the right to counsel. However, the constitutional right to counsel of one's own choice is not absolute. Rather, the right of an accused individual to choose his or her own counsel, as well as a lawyer's right to choose his or her clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice. Thus, while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice.

**Commonwealth v. Lucarelli**, 971 A.2d 1173, 1178-1179 (Pa. 2009) (internal citations omitted). "Generally, '[t]he decision of whether to grant a request for a change of counsel is a matter vested to the sound discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion.'" **Commonwealth v. Patterson**, 931 A.2d 710, 715 (Pa. Super.

2007), *quoting* **Commonwealth v. Basemore**, 582 A.2d 861, 864 (Pa. 1990), *cert. denied*, **Basemore v. Pennsylvania**, 502 U.S. 1102 (1992).

In the case *sub judice*, Appellant requested a change of counsel the same day as he litigated his suppression motion, which at the time was the day his trial was to begin. Appellant claimed that his case was not a "top priority" for retained counsel due to his inability to pay counsel's legal fees. N.T., 11/26/12, at 9. Appellant also believed that he should have a change of counsel due to current counsel advising to take a plea offered by the Commonwealth. *Id.* at 12. It was on these bases that Appellant requested a change of counsel. The record reveals that Appellant had previously retained two private attorneys. *Id.* at 14. Nevertheless, in connection with this motion, Appellant requested the court appoint new counsel to represent him. *Id.*

Assuming *arguendo* that Appellant was entitled to court-appointed counsel, we conclude the trial court did not abuse its discretion in denying Appellant's motion. *Cf.* Pa.R.Crim.P. 122(A)(2) (stating that counsel shall be appointed "in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel[]"). As the trial court pointed out, counsel had "been preparing diligently for the [suppression] motion … [a]nd [that] he [had] subpoenaed a doctor on [Appellant's] behalf" for said motion. N.T., 11/26/12, at 13. Appellant also acknowledged that counsel had visited him

in prison "a couple of times" and that he had chances to speak to counsel "a number of times" at the courthouse for various appearances. *Id.* at 10. The fact that counsel advised Appellant to accept a plea offer from the Commonwealth does not amount to an irreconcilable difference between counsel and a defendant. *Commonwealth v. Johnson*, 454 A.2d 1111, 1116-1117 (Pa. Super. 1982). Based on these considerations, we conclude the trial court did not abuse its discretion when it denied Appellant's motion for a change of counsel. *See Patterson*, *supra*.

In his third issue, Appellant raises claims regarding the discretionary aspects of his sentence. *See* Appellant's Brief at 20-29. However, we decline to address these arguments at this juncture, as our review of the record has revealed a potential issue regarding the legality of Appellant's sentence, which would render Appellant's discretionary aspects of sentence issue moot. *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 n.3 (Pa. Super. 2013). We begin by noting that a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*. *Commonwealth v. Orellana*, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted); *see also Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction[]").

It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." **Id.** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

The issue going to the legality of Appellant's sentence pertains to his conviction for corruption of minors, which is codified as follows.

**§ 6301. Corruption of minors**

**(a) Offense defined.--**

> (1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a **misdemeanor of the first degree**.
>
> (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a **felony of the third degree**.

…

18 Pa.C.S.A. § 6301(a)(1) (emphases added).  As this Court recently noted corruption of minors graded as a first-degree misdemeanor is a lesser-included offense of corruption of minors graded as a third-degree felony. ***Commonwealth v. Kelly***, 102 A.3d 1025, 1032-1033 (Pa. Super. 2014) (*en banc*).

As noted above, Appellant received a sentence of three to six years' imprisonment for corruption of minors.  Based on our review of the record, Appellant was charged with corruption of minors as a third-degree felony.  However, at the conclusion of the bench trial, the trial court announced on the record that it was finding Appellant "guilty of corrupting the morals of a minor as an [sic] M1[.]"  N.T., 1/25/13, at 5.  At sentencing, however, the Commonwealth stated its recommended sentence for the "F3, corrupting the morals of a minor which is 3 and a half to 7[.]"  N.T., 5/30/13, at 13.  In its Rule 1925(a) opinion, the trial court specifically lists Appellant's corruption of minors conviction as a first-degree misdemeanor.  Trial Court Opinion, 6/30/14, at 1 n.5.  The trial court's docket and written sentencing order, both list corruption of minors graded as a third-degree felony, but curiously, they also list the first-degree misdemeanor subsection, Section 6301(a)(1)(i), next to it.

The statutory maximum sentence for an offense graded as a first-degree misdemeanor is five years' imprisonment.  18 Pa.C.S.A. § 1104(1).

- 13 -

The statutory maximum sentence for an offense graded as a third-degree felony is seven years' imprisonment. *Id.* § 1103(3). If the trial court intended to state at the conclusion of the bench trial that Appellant was guilty of a third-degree felony, the sentence imposed would be legal. However, if the trial court intended to convict Appellant of the lesser-included offense of corruption of minors as a first-degree misdemeanor, Appellant's sentence is illegal, as it is one year over the statutory maximum.

Given the confused state of the record, we conclude the best course of action is to vacate the judgment of sentence and remand for further proceedings. On remand, the trial court shall clarify the record as to what grading it intended for the corruption of minors offense. If it intended the grading to be a third-degree felony, the trial court shall enter an order reinstating the same judgment of sentence. However, if the trial court intended the offense to be graded as a first-degree misdemeanor, it shall conduct a new sentencing hearing and resentence Appellant consistent with the proper statutory maximum. Our judgment in this case is without prejudice to Appellant to file a new notice of appeal after the trial court clarifies the record. If on remand the trial court reinstates the original judgment of sentence, Appellant may re-raise his discretionary aspects of sentencing claims, to the extent they are already preserved. If the trial court resentences Appellant anew, Appellant may raise any sentencing issue that may arise from said resentencing.

Based on the foregoing, we conclude Appellant's claims of trial error are devoid of merit. However, we also conclude the trial court may have imposed an illegal sentence, but the record is not sufficiently clear for us to make a definitive determination. Accordingly, the trial court's May 30, 2013 judgment of sentence is vacated, and the case is remanded for further proceedings, consistent with this memorandum.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2015