J-S12012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE SLAUGHTER, | |
| Appellant | No. 3270 EDA 2013 |

Appeal from the Judgment of Sentence July 6, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015984-2009

BEFORE:  BOWES, SHOGAN and FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 18, 2015**

George Slaughter[1] appeals from the judgment of sentence of six to ten years incarceration that the trial court imposed after a jury convicted him of possession of a controlled substance (marijuana) with intent to deliver ("PWID"), possession of a firearm by a prohibited person, and possession of an instrument of crime.  We vacate the judgment of sentence and remand for re-sentencing.

The pertinent facts were outlined by the trial court herein:

> On November 19, 2009, the Defendant, George Slaughter, was arrested and was charged with *inter alia*, possession of a controlled substance with the intent to deliver, possession of an instrument of crime,  and possession of a firearm by a person ineligible for events which occurred at or near 607 Mifflin Street in the City and County of Philadelphia.

---

[1] The Commonwealth, which had until January 2, 2015 to file a brief in this matter, has not submitted that document.

* Former Justice specially assigned to the Superior Court.

A jury trial was conducted before this court on May 3, 2011. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the following evidence was proved at trial: Police Officer Jeffrey Galazka conducted an investigation of 607 Mifflin Street on November 17, 2009 based on information he had received from an informant regarding the sale of narcotics at that address. Between the hours of 3 p.m. and 5 p.m., Officer Galazka, with his partner, Police Officer Kidd (first name not given) sat in an unmarked vehicle and observed their confidential informant (CI) attempt to purchase narcotics at that location. Someone (not the Defendant) answered the door and the CI entered the residence. Approximately two (2) minutes later, the CI returned to Officer Galazka's vehicle and turned over two (2) red-tinted zip-lock packets each containing an offwhite chunky substance of alleged crack-cocaine.

Based on Officer Galazka's observation, a search warrant for the property was obtained and executed on November 19, 2009. In a second floor bedroom, Officer Galazka found the Defendant standing at the foot of the bed. The Defendant told Officer Galazka that a firearm was located under a bed pillow. From that location, the officer recovered a .22 caliber five-shot revolver loaded with five (5) live rounds. Officer Galazka also observed a small safe sitting on the bed. He opened the safe which contained marijuana, a bottle containing 93 pills (later identified as Xanax), a digital scale, and numerous new and unused packaging in different colors. A work ID card and mail with address of the Defendant was also found. . . .

Trial Court Opinion, 6/19/14, at 1-2 (footnotes and citations to record omitted). In the safe, there were twelve sandwich bags and forty-four smaller, blue and pink zip-lock packets. All of the packages contained marijuana.

Appellant was sentenced on July 6, 2011. In the information, the Commonwealth had indicated that it intended to proceed both under the mandatory minimum applicable based upon the weight of the marijuana, 18

Pa.C.S. § 7508, which will be analyzed *infra*, as well as the mandatory minimum outlined in 42 Pa.C.S. § 9712.1, which applies when guns are found in close proximity to drugs and which also will be examined in full *infra*. At sentencing, the prosecution similarly indicated that it considered both to be at play. The Commonwealth noted that a jury found Appellant "guilty of possession with intent to deliver marijuana and a gun. It's a mandatory sentence in this case." N.T. Sentencing, 7/6/11, at 5. Separately, it observed that, with respect "to the marijuana, there will not be a minimum or maximum as normally would be the case," and that the court "could only give a flat five-year sentence." *Id*. Later, the Commonwealth mentioned that Appellant had a prior record score that included a "conviction for selling drugs" as well as various firearms offenses. *Id*. at 9. It continued, "So for those reasons the Commonwealth is asking for a sentence of five years for the marijuana PWID[.]" *Id*. at 11. These statements pertain to application of § 7508.

While the sentencing court did not explicitly state which mandatory it was applying, it appears to have applied § 7508. The court stated, "On the marijuana case, based on the fact that, you know, it's a mandatory minimum sentence, it just so happens that the mandatory sentence in that case is the maximum sentence as well, so I'm going to have to impose that sentence." *Id*. at 12. Thus, the court did not mention the gun and imposed the sentence solely based upon the fact that the marijuana case had a

mandatory minimum. Next, in addition to the flat sentence of five years on the PWID, the court imposed a consecutive one to five year term of incarceration on the firearms offense, for a total sentence of six to ten years in jail.

Appellant did not file a direct appeal, but he did file a timely PCRA petition on December 9, 2011. Counsel was appointed, and, on July 31, 2012, counsel filed an amended petition averring that Appellant's appellate rights should be reinstated since his trial counsel ignored Appellant's request to file a direct appeal. On July 13, 2013, the Commonwealth agreed that the requested relief should be accorded.

On October 31, 2013, the PCRA court granted reinstatement of Appellant's direct appeal rights. Appellant thereafter filed the present, timely *nunc pro tunc* appeal. Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement and raised one issue: "The Court erred in imposing the mandatory minimum sentence in this matter for the conviction for possession of marijuana because the Commonwealth did not produce at trial sufficient evidence of the amount of marijuana recovered." Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 4/11/14, at 1.

The trial court authored a response to this position. It indicated that it did not impose the five-year mandatory minimum sentence as to the PWID charge based upon the weight of the marijuana under 18 Pa.C.S. § 7508.

Rather, the trial court reported that it imposed the sentence pursuant to 42 Pa.C.S. § 9712.1(a) "once the court determined that the Defendant was found with a gun and 280 grams of marijuana." Trial Court Opinion, 6/19/14, at 6.

On appeal, Appellant raises one contention, "Is the mandatory sentence in this case an illegal sentence?" Appellant's brief at 9. Appellant avers that he was sentenced under a statute declared unconstitutional by the Supreme Court in **Alleyne v. United States**, __ U.S. __, 133 S.Ct. 2151 (2013). He maintains that, while not raised below, this contention cannot be waived as it relates to the legality of his sentence. We agree with Appellant's contentions and therefore vacate the sentence and remand for re-sentencing.

Initially, we note that the record is unclear as to which mandatory minimum was applied herein. In its Pa.R.A.P. 1925(a) opinion, the court indicated that it sentenced pursuant to 42 Pa.C.S. § 9712.1(a). That statute provides, in relevant part that, if a person is convicted of violating 35 P.S. § 780-113(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (the "Act"), as Appellant was herein, the person must be sentenced to at least five years total confinement when, at the time of the offense, a firearm is in close proximity to the controlled substance.[2] It justified its sentence

---

[2] That statute's full text is as follows:

based upon the fact that the jury determined that Appellant possessed a weapon, which was under the pillow on a bed, and that the jury also found that Appellant possessed the marijuana found in a safe located in the same area.

The other mandatory minimum mentioned in the information and at the sentencing proceeding is outlined in 18 Pa.C.S. § 7508, which relates to drug trafficking sentencing and penalties. That statute provides in relevant part that, if a person is convicted of violating 35 P.S. § 780-113(30) of the Act, where the controlled substance is classified as a Schedule I[3] drug under the Act, the person must be sentenced to five years imprisonment if the weight of the drugs was between ten and 100 grams and if the person has a prior drug trafficking conviction."[4] In both statutes, the applicability of the

---

**(a) Mandatory sentence.--**Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

42 Pa.C.S. § 9712.1(a).

[3] "Marihuana" is a Schedule I drug under the Act. 35 P.S. 780-104(1)(iv).

[4] The full text of the portion of § 7508 at issue herein is as follows

mandatory minimums is determined by the sentencing court by a preponderance-of-the-evidence standard.[5]

---

(2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

. . . .

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity. . . .

18 Pa.C.S. § 7508(a)(2).

[5] Specifically, 42 Pa.C.S. § 9712.1 provides:

**(c) Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.1(c).

However, as noted, it appears that the Commonwealth invoked both statutes, and the trial court could have applied either one. In light of the fact that either mandatory minimum was potentially implicated herein, we will analyze Appellant's present claim with respect to both mandatory minimum sentencing statutes. We first note that

> issues pertaining to *Alleyne* go directly to the legality of the sentence. *Commonwealth v. Lawrence*, 99 A.3d 116, 123 (Pa.Super. 2014). With this in mind, we begin by noting our well-settled standard of review. "A challenge to the legality of a sentence may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n. 8 (Pa.Super.2011) (citation omitted). It is also well-established that "if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). "An illegal sentence must be vacated." *Id*. "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa.Super. 2014) (citations omitted).

---

Likewise, 18 Pa.C.S. § 7508 states:

> **(b) Proof of sentencing.**—Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S. § 7508(b).

*Commonwealth v. Fennell*, 105 A.3d 13, 15 (Pa.Super. 2014). Appellant did not raise an *Alleyne* issue at sentencing or in his Pa.R.A.P. 1925(b) statement. However, in *Commonwealth v. Watley,* 81 A.3d 108, 118 (Pa.Super. 2013) (*en banc*) (citations omitted), we noted, "Application of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits. Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court."

We have recently explained the holding and impact of *Alleyne* as follows:

> In *Alleyne,* the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne, supra* at 2163. *Alleyne* is an extension of the Supreme Court's line of cases beginning with *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Alleyne,* the Court overruled *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact finding which raises the minimum sentence and that which raises the maximum sentence.

*Feeney*, *supra* at 16 (citation omitted).

This Court has held that, under *Alleyne,* 18 Pa.C.S. § 7508 is unconstitutional in its entirety.[6] *Commonwealth v. Vargas*, 2014 WL 7447678 (Pa.Super. 2014) (*en banc*); *Commonwealth v. Cardwell*, 2014

---

[6] The fact of the prior conviction invoking § 7508(a)(2)(ii) does not implicate *Alleyne*, *see Apprendi v. New Jersey,* 530 U.S. 466 (2000), but the weight of the drugs required to apply that section does.

WL 6656644 (Pa.Super. 2014); *Feeney*, *supra*; *Commonwealth v. Thompson*, 93 A.3d 478, 493 (Pa.Super. 2014). Additionally, 42 Pa.C.S. § 9712.1 has been completely struck down as unconstitutional pursuant to the *Alleyne* decision. *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*); *see also Commonwealth v. Ferguson*, 2015 WL 49438 (Pa.Super. 2015) (vacating sentence imposed under 42 Pa.C.S. § 9712, which concerns a mandatory minimum on offenses committed with a firearm under certain circumstances); *Commonwealth v. Valentine*, 101 A.3d 801, 808 (Pa.Super. 2014) (same); *Commonwealth v. Bizzel*, 2014 WL 6756277 (Pa.Super. 2014) (invalidating 18 Pa.C.S. § 6317, imposing a mandatory minimum sentence and pertaining to the sale of drugs within a certain distance from a school); *Commonwealth v. Wolfe*, 2014 WL 7331915 (Pa.Super. 2014) (observing that any mandatory minimum statute in Pennsylvania that contains a format allowing the sentencing court to determine its application at sentencing by a preponderance of the evidence standard has been "struck down as facially unconstitutional in *Newman* and *Valentine*," including 42 Pa.C.S.A. §§ 9712, 9712.1, 9713, and 9718).[7]

---

[7] This author has noted her disagreement with the severability analysis in the cited cases. *Commonwealth v. Wolfe*, 2014 WL 7331915 (Pa.Super. 2014) (Bowes, J., concurring); *Commonwealth v. Bizzel*, 2014 WL 6756277 (Pa.Super. 2014) (Bowes, J., concurring). Furthermore, the issue is currently under review by our Supreme Court. *Commonwealth v. Hopkins*, 98 MAP 2013.

Under this recent authority, it is clear that Appellant must be resentenced without application of either mandatory minimum arguably applicable herein.

Judgment of sentence vacated. Case remanded for resentencing in accordance with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2015