J-S02010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUAN J. DAVILLA | |
| Appellant | No. 2917 EDA 2013 |

Appeal from the Judgment of Sentence September 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005313-2012

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 14, 2015**

Appellant, Juan J. Davilla, appeals from the September 20, 2013 aggregate judgment of sentence of five to ten years' incarceration plus a consecutive five years' probation, imposed following his conviction by a jury of possession with intent to deliver a controlled substance (PWID), to wit heroin and cocaine, possession of a controlled substance, conspiracy, and firearms not to be carried without a license.[1]  Appellant challenges the legality of imposing a mandatory sentence in this case.  After careful review, we vacate Appellant's sentence and remand for resentencing.

A summary of the pertinent factual and procedural history of the case follows.  During a police surveillance operation near the corner of Hope

_____

[1] 35 Pa.C.S.A. §§ 780-113(a)(30), 780-113(a)(16), 18 Pa.C.S.A. §§ 903, and 6106(a)(1), respectively.  An additional charge of carrying a firearm in public in Philadelphia, 18 Pa.C.S.A. § 6108, was *nolle prossed*.

Street and Sullivan Street in the city of Philadelphia, Pennsylvania, Appellant was present with co-defendant, Eddie Mojica. Appellant and Mojica were observed conducting apparent drug transactions with three individuals, who, when stopped by back-up officers immediately after they left the scene, were found in possession of packets containing heroin and/or packets containing cocaine. Appellant was then observed entering a Ford Ranger parked nearby, where he remained for about two minutes.

Appellant and Mojica were arrested and packets of cocaine, packets of heroin, and small amounts of cash were found on their persons. A subsequent warranted search of the Ford Ranger yielded more quantities of cocaine and heroin, two handguns, and $525.00 in cash, all located in the passenger airbag compartment. Appellant was charged with the aforementioned crimes, and the case proceeded to a jury trial held on July 19-24, 2013.

During trial, the parties debated before the trial court the import of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), handed down a month earlier on June 17, 2013. In the event of conviction, the Commonwealth sought imposition of a mandatory sentence under 42 Pa.C.S.A. § 9712.1, based on the close proximity of the drugs to a firearm, and 18 Pa.C.S.A. § 6317, based on the offenses occurring within 1,000 feet of a school and 250 feet of a recreation area.[2]

_____

[2] Those provisions provide in pertinent part as follows.

*(Footnote Continued Next Page)*

- 2 -

*(Footnote Continued)* ─────────

**§ 9712.1. Sentences for certain drug offenses committed with firearms**

**(a) Mandatory sentence.--**Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), [FN1] known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

…

**(c) Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

…

42 Pa.C.S.A. § 9712.1.

**§ 6317. Drug-free school zones**

**(a) General rule.--**A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64),

*(Footnote Continued Next Page)*

- 3 -

J-S02010-15

Appellant argued **Alleyne** rendered these statutes unconstitutional in their

*(Footnote Continued)* —————————

known as The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary. The maximum term of imprisonment shall be four years for any offense:

(1) subject to this section; and

(2) for which The Controlled Substance, Drug, Device and Cosmetic Act provides for a maximum term of imprisonment of less than four years.

…

**(b) Proof at sentencing.--**The provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

…

18 Pa.C.S.A. § 6317.

- 4 -

entirety, precluding imposition of the mandatory sentences. The Commonwealth argued that the unconstitutional aspects of the statute were severable and compliance with **Alleyne** would be possible if the pertinent triggering facts were submitted to the jury to find beyond a reasonable doubt.

The trial court agreed with the Commonwealth and devised a special verdict slip. In it, the jury was asked to indicate whether the drugs located in the red truck were in close proximity to a firearm; whether Appellant was in physical possession or control of a firearm; whether the PWID charge relative to the drugs located in the red truck occurred within 1,000 feet of a school; and whether the PWID charge relative to the drugs located in the red truck occurred within 250 feet of a recreation center.[3] The trial court

---

[3] The parties agree that pertinent to the issues in this appeal the questions were presented to the jury in a special jury interrogatory as follows.

> 3) If you answered yes to Question #2 [whether Appellant was guilty of PWID], does that finding of guilt include the narcotics (heroin and cocaine) recovered from the red Ford truck? If yes, answer Questions (a), (b), (c), (d), and (e). If no, do not consider (a), (b), (c), (d), and (e).
>
> (a) Were the narcotics (heroin and cocaine), for which you have found the defendant guilty, in proximity (close or near) to a firearm?
>
> (b) Was the defendant, his accomplice, or his conspirator in physical possession or control of a firearm?

*(Footnote Continued Next Page)*

instructed the jury that each question "has to be proven by the Commonwealth beyond a reasonable doubt." N.T., 7/23/13, at 58.

The jury found Appellant guilty of all charges and answered the above special questions in the affirmative, with exception of whether the PWID offense took place within 1,000 feet of a school. At the September 20, 2013 sentencing, the trial court imposed an aggregate sentence of five to ten years' incarceration plus a consecutive five years' probation. Specifically, the trial court, applying the mandatory sentence under Section 9712.1, imposed a term of incarceration of five to ten years on the PWID charge and

_(Footnote Continued)_ ───────────────

       (c)    Was a firearm within the defendant's, his accomplice's, or his conspirator's reach?

       (d)    Were the narcotics (heroin and cocaine) found within the red Ford truck within 1,000 feet of a school?

       (e)    Were the narcotics (heroin and cocaine) found within the red Ford truck within 250 feet of a recreation center?

Appellant's Brief at 8. We note with disapproval the absence of the jury interrogatories or jury slip in the certified record. Neither is there a copy of the trial transcripts from July 20-22, 2013, during which the form of the verdict slip was discussed and approved by the trial court. It is Appellant's responsibility to ensure the record certified on appeal is complete. **Commonwealth v. Bongiorno**, 905 A.2d 998, 1000-1001 (Pa. Super. 2006) (_en banc_), _appeal denied_, 917 A.2d 844 (Pa. 2007). Instantly, the gap in the record does not impede our review, and we decline to find waiver. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (holding, "any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review"), _appeal denied_, 916 A.2d 632 (Pa. 2007).

a concurrent term of five to ten years on the conspiracy charge. The possession of a controlled substance count merged with the PWID. The trial court imposed a consecutive five-year term of probation on the firearms not to be carried without a license charge. Appellant again objected to the imposition of the mandatory sentence, citing **Alleyne**. Appellant did not file a post-sentence motion. Appellant filed a timely notice of appeal on October 17, 2013.[4]

On appeal, Appellant raises a single question for our review.

> Whether 42 Pa.C.S.A section 9712.1 is unconstitutional in light of the recent United States Supreme Court decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013)[?]

Appellant's Brief at 5.[5]

> At the outset, we note that issues pertaining to **Alleyne** go directly to the legality of the sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 123 (Pa. Super. 2014). With this in mind, we begin by noting our well-settled standard of review. "A challenge to the legality of a sentence … may be

---

[4] The trial court ordered Appellant to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant failed to comply. However, as Appellant's issue concerns the legality of his sentence, it is not waivable. **See Commonwealth v. Foster**, 17 A.3d 332, 336 (Pa. 2011) (plurality) (noting that a challenge to the legality of a sentence is a jurisdictional issue and is not waivable). The trial judge apparently retired from the bench without preparing a Rule 1925(a) opinion for this appeal.

[5] Appellant's Brief was filed a week after this Court handed down our decision in **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), but does not cite it. The **Newman** Court held Section 9712.1 unconstitutional in its entirety. Appellant's brief anticipates the issues and arguments ultimately resolved by **Newman** and its progeny.

> entertained as long as the reviewing court has
> jurisdiction." *Commonwealth v. Borovichka*, 18
> A.3d 1242, 1254 n.8 (Pa. Super. 2011) (citation
> omitted). It is also well-established that "[i]f no
> statutory authorization exists for a particular
> sentence, that sentence is illegal and subject to
> correction." *Commonwealth v. Rivera*, 95 A.3d
> 913, 915 (Pa. Super. 2014) (citation omitted). "An
> illegal sentence must be vacated." *Id.* "Issues
> relating to the legality of a sentence are questions of
> law[.] … Our standard of review over such
> questions is *de novo* and our scope of review is
> plenary." *Commonwealth v. Akbar*, 91 A.3d 227,
> 238 (Pa. Super. 2014) (citations omitted).

*Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014).

The mandatory sentencing provision of Section 9712.1 has recently been held to be unconstitutional in its entirety as violative of the United States Supreme Court's ruling in *Alleyne*, that facts that increase mandatory minimum sentences must be submitted to the finder of fact and must be found beyond a reasonable doubt.[6] *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*).

As described above, the trial court, with concern for the implications of *Alleyne*, specifically presented the triggering factual determination to the jury to find beyond a reasonable doubt. The Commonwealth argues this precludes the relief Appellant seeks based on *Alleyne*. "In this case, the

---

[6] Because the mandatory sentence under Section 9712.1 is longer than the mandatory sentence provided for in Section 6317, only the former was imposed at sentencing. Our discussion, however, pertains equally to Section 6317, which was held unconstitutional in its entirety by this Court in *Commonwealth v. Bizzel*, 107 A.3d 102, 105 (Pa. Super. 2014).

- 8 -

jury did find that the Commonwealth established all relevant facts beyond a reasonable doubt, including those facts triggering the mandatory minimum sentence. Thus, the due process and Sixth Amendment concerns identified in **Alleyne** were not implicated, and [Appellant] is not entitled to relief." Commonwealth's Brief at 8.

We conclude the trial court's employment of an unauthorized alternative procedure to that mandated by Section 9712.1 is unavailing. In **Commonwealth v. Valentine**, 101 A.3d 801, 811-812 (Pa. Super. 2014), this Court determined that the mandatory minimum sentences imposed pursuant to Sections 9712 and 9713 were unconstitutional even if the facts that trigger the mandatory minimum sentence are submitted to the fact-finder and found beyond a reasonable doubt, instead of by the trial court by a preponderance of evidence at sentencing. **Valentine**, **supra** at 811-812. In so concluding, the Court recognized that our decision in **Newman** held "that the unconstitutional provisions of [comparable mandatory sentencing provisions] are not severable … and that the statutes are therefore unconstitutional as a whole." **Id.**; **see also Commonwealth v. Fennell**, 105 A.3d 13, 20 (Pa. Super. 2014) (holding that notwithstanding the fact triggering the imposition of a mandatory sentence under 18 Pa.C.S.A. 7508 was stipulated to at trial, the statute was facially unconstitutional under the principles of **Newman** and **Valentine**), **Commonwealth v. Wolfe**, 106 A.3d. 800, 805-806 (Pa. Super. 2014) (holding that the mandatory

minimum sentencing provision of 42 Pa.C.S.A. 9718(a)(1) was unconstitutional even though the triggering fact was also an element of the offense for which Appellant was convicted). Construing a similarly worded provision in 42 Pa.C.S.A. § 6317(b), we noted, "that, pursuant to **Alleyne**, Section 6317(b) is now an element of the crime despite the language in the statute specifically stating that **it was not an element**. Thus, the legislature clearly did not intend the result mandated by the decision in **Alleyne**." **Commonwealth v. Bizzel**, **supra** at 105 (emphasis in original). As we noted in **Newman**, "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**." **Newman**, **supra** at 101-102.

Acknowledging **Newman**'s holding, the Commonwealth alternatively argues any error is harmless. Commonwealth's Brief at 9.

> The consistent point that emerges from [recent Superior Court] decisions, however, is even where **Alleyne** is not complied with, that is, even where sentencing factors that increase a sentence are left to a judge rather than a jury to determine, such error can be deemed harmless. When such analysis is applied here, where there was no **Alleyne** error, [Appellant] is not entitled to relief.

**Id.**

We disagree. This Court has recently explained as follows.

> As noted above, **Newman** did acknowledge that **Alleyne** errors, like those under **Apprendi v. New Jersey**, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d

- 10 -

435 (2000), are subject to harmless error analysis. ***See generally Newman***, ***supra*** at 98–100. However, if ***Newman***'s overriding conclusion is, as ***Valentine*** suggests, that mandatory minimum statutes in Pennsylvania must be stricken in their entirety as facially unconstitutional, any discussion of harmless error is rendered moot. This is because, once the Court concludes that the subsections cannot be severed and must all be struck down, there is no statutorily authorized sentence upon which a harmless error analysis may be applied. ***See***, ***e.g.***, ***Rivera***, ***supra*** (stating, "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction[]") (citation omitted).

***Fennell***, ***supra*** at 19 n.5. The Commonwealth's reliance on

***Commonwealth v. Watley***, 81 A.3d 108 (Pa. Super. 2013) (*en banc*),

*appeal denied*, 95 A.3d 277 (Pa. 2014), and ***Commonwealth v. Matteson***,

96 A.3d 1064 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014),

as support for the application of harmless error analysis is misplaced in light

of ***Newman*** and ***Valentine***.

In ***Valentine***, this Court noted the tension between ***Newman***, ***Watley***, and ***Matteson***. ***See Valentine***, ***supra*** at 812 n. 4. However, the ***Valentine*** Court concluded that ***Newman*** controlled based on the conclusion in ***Newman*** that the subsections of the mandatory minimum statutes in Pennsylvania cannot be severed. ***Id.*** Based on the above passage, it appears that the ***Matteson*** Court concluded that Section 9718(a)(2) could still be constitutionally applied since the Commonwealth "proved every element of aggravated indecent assault of a child beyond a reasonable doubt, including a victim under the age of 13[.]" ***Matteson***, ***supra*** at 1067. However, the ***Matteson*** Court could not reach that conclusion, unless it first concluded implicitly that the various subsections of Section 9718 were

- 11 -

severable. Pursuant to this Court's decision in **Newman**, we conclude this is not correct. In our view, **Newman** abrogated this Court's decision in **Matteson**.

**Wolfe**, **supra** at 806 (footnote omitted).

For these reasons, we conclude the trial court imposed an illegal sentence that must be corrected. **See Cardwell**, **supra**. Accordingly, we vacate the September 20, 2013 judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge Wecht joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015