**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Hector RIVERA, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 25, 2014.

Filed July 3, 2014.

Scott B. Bennett, Public Defender, Honesdale, for appellant.

Shelley L. Robinson, Assistant District Attorney, Honesdale, for Commonwealth, appellee.

BEFORE: ALLEN, JENKINS, and FITZGERALD *, JJ.

OPINION BY JENKINS, J.:

Hector Rivera was charged with receiving stolen property[1] and retail theft[2] for stealing several items from a general store. The Wayne County Public Defender entered his appearance for Rivera. Several weeks after waiving his preliminary hearing and arraignment, Rivera pled guilty to both charges. The trial court sentenced Rivera to twelve months probation and restitution of $55.00. The court also ordered him to pay $500.00 for the "cost of the Public Defender's representation," an amorphous term of sentence that we refer to as the "Public Defender Assessment", or "PDA".

The trial court denied Rivera's post-sentence motion objecting to the PDA. Rivera filed this timely direct appeal and a timely statement of matters complained of on appeal.

In its Pa.R.A.P. 1925(a) opinion, the trial court maintained that the PDA was a proper condition of probation under 42 Pa.C.S. § 9754(c)(11), which authorizes the court to "require the defendant ... to pay such fine as has been imposed." The court also contended that the PDA was valid under 42 Pa.C.S. § 9754(c)(13), which provides that the court may order the defendant "to satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his

---

* Former Justice specially assigned to the Superior Court.

1. 18 Pa.C.S. § 3925(a).

2. 18 Pa.C.S. § 3929(a)(1).

liberty or incompatible with his freedom of conscience."

For the reasons that follow, we hold that sections 9754(c)(11) and (c)(13) do not authorize the PDA. We vacate Rivera's judgment of sentence and remand for resentencing.

Rivera raised two issues in his statement of matters complained of on appeal:

1. Did the sentencing court impose an illegal sentence when it added as an item of cost to the Defendant's May 9, 2013 Sentence the requirement that the Defendant pay $500 for the costs of the Public Defender when there is no statutory authority for the imposition of that cost by the sentencing court?

2. Did the sentencing court impose an illegal sentence when it added as an item of cost to the Defendant's May 9, 2013 Sentence the requirement that the Defendant pay $500 for the costs of the Public Defender when there is no evidence of record supporting the basis for the $500 cost imposed by the sentencing court?

Brief for Appellant, p. 4.

■ In his first issue, which we find dispositive, Rivera argues that the PDA is an illegal condition of sentence under section 9754 [3]. Our standard of review over the defendant's objection to the legality of his sentence

[is] well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited

to determining whether the trial court committed an error of law.

*Id.* at 1211 (citing *Commonwealth v. Leverette,* 911 A.2d 998, 1001–1002 (Pa.Super.2006)).

■ When interpreting a sentencing statute such as section 9754, we are mindful that

'[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.' 1 Pa.C.S. § 1921(a). The plain language of the statute is generally the best indicator of legislative intent, and the words of a statute 'shall be construed according to rules of grammar and according to their common and approved usage....' 1 Pa.C.S. § 1903(a). We generally will look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to 'a result that is absurd, impossible of execution or unreasonable.' 1 Pa.C.S. § 1922(1); *see also Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n* [618 Pa. 175], 55 A.3d 1056, 1058 (Pa.2012).

*Commonwealth v. Hall,* —— Pa. ——, 80 A.3d 1204, 1211 (2013). Since section 9754 is a penal statute, we must strictly construe this provision and interpret any ambiguity in the light most favorable to the criminal defendant. *Id.* at 1212 ("as a penal statute, Section 9754 must be interpreted in the light most favorable to [the defendant]").

---

**3.** Rivera contends in his brief that the PDA is not authorized under 42 Pa.C.S. § 9754(c)(13), but he fails to discuss whether the PDA is authorized under section 9754(c)(11). Despite this omission, we will address whether the PDA is valid under sec-

tion 9754(c)(11), since objections to an illegal sentence "cannot be waived and may be reviewed *sua sponte* by this Court." *Commonwealth v. Mears,* 972 A.2d 1210, 1211 (Pa.Super.2009) (citing *Commonwealth v. Merolla,* 909 A.2d 337, 347 (Pa.Super.2006)).

■ The first provision that the trial court cites as authority for the PDA is section 9754(c)(11), which prescribes that the court "may require the defendant ... to pay such fine as has been imposed." We do not think the PDA is a fine. In *Commonwealth v. Wall*, 867 A.2d 578 (Pa.Super.2005), we defined "fines" by comparing them with costs and restitution:

Often following a criminal conviction, the trial court places a monetary imposition on the defendant. The imposition of costs and restitution are not considered punishment. Both costs and restitution are designed to have the defendant make the government and the victim whole. Restitution compensates the victim for his loss and rehabilitates the defendant by impressing upon him that his criminal conduct caused the victim's loss and he is responsible to repair that loss. *See Commonwealth v. Runion*, 541 Pa. 202, 205, 662 A.2d 617, 618 (1995). Costs are a reimbursement to the government for the expenses associated with the criminal prosecution. *See, e.g., United States v. Monsanto Co.*, 858 F.2d 160 (4th Cir.1988). Costs and restitution are akin to collateral consequences. Conversely, fines are considered direct consequences and, therefore, punishment. *See Parry [v. Rosemeyer]*, 64 F.3d [110] at 114 [ (3d Cir.1995) ] (quoting [*U.S. v.*] *Salmon*, 944 F.2d [1106] at 1130 [ (3d Cir.1991) ] ); *see also Commonwealth v. Martin*, 233 Pa.Super. 231, 335 A.2d 424 (1975) (requiring an indigent to pay a $5,000.00 fine was *per se* manifestly excessive and constituted too severe [a] punishment). The Legislature authorized fines for all offenses and intended to relate the amount of the fine to the gravity of the offense. *See* 18 Pa.C.S.A. § 1101 ...

Historically, fines are punishment. A fine is a monetary amount equal to the severity of the crime and has been used to ensure that a person does not receive a pecuniary gain from the offense.

*Id.*, 867 A.2d at 583.

Although the judgment of sentence does not explain the purpose of the PDA, it appears to us that the trial court intended to earmark funds to a particular government unit (the Wayne County Public Defender) as reimbursement for its services, thus making the Public Defender more self-sufficient and less dependent on the taxpayers. While this objective is laudatory, it does not transform the PDA into punishment, because the PDA is not intended to "punish" Rivera or ensure that he "does not receive a pecuniary gain from the offense". *Wall, supra.* For this reason, the PDA is not a fine and falls outside the scope of section 9754(c)(11).

■ The trial court also asserts that the PDA is valid under section 9754(c)(13), which authorizes "any other conditions" of probation "reasonably related to [the defendant's] rehabilitation." We do not find the PDA permissible under this provision. Pennsylvania appellate courts have repeatedly refused to require defendants to pay the Public Defender for its services absent explicit statutory authority. *See Commonwealth v. Terry*, 470 Pa. 234, 368 A.2d 279 (1977); *Commonwealth v. Verilla*, 363 Pa.Super. 386, 526 A.2d 398 (1987); *Commonwealth v. Pride*, 252 Pa.Super. 34, 380 A.2d 1267 (1977); *Commonwealth v. Opara*, 240 Pa.Super. 511, 362 A.2d 305 (1975) (plurality). Most significantly, in *Pride*, this Court held, 5–2, that the trial court lacked statutory authority to order the defendant to pay $500.00 for the services of the Defender Association of Philadelphia following his convictions for rape and indecent assault. The majority overruled the dissent's argument that section 9754(c)(13) authorized this condition of sentence, stating flatly that "there is no

statutory authority to support the lower court's order of reimbursement to the public defender." *Id.*, 380 A.2d at 1270. "Characterizing the repayment order as a probation condition," the majority continued, "is an attempt to transform a statutorily unauthorized repayment into a permissible order."[4] *Id.*

*Pride* remains good law, since section 9754(c)(13) has the same language today as it did when *Pride* was decided. In view of *Pride*, we hold that section 9754(c)(13) does not authorize imposition of the PDA on Rivera.

We also conclude that the trial court did not validate the PDA under section 9754(c)(13) by labeling it a "cost" in its judgment of sentence. Costs are not part of the criminal's sentence but are merely incident to the judgment. *Commonwealth v. Nicely*, 536 Pa. 144, 638 A.2d 213, 217 (1994) (citing *Commonwealth v. Cauffiel*, 97 Pa.Super. 202, 205–06 (1929)). As a mere incident to judgment, costs are not "reasonably related to the rehabilitation of the defendant," the *sine qua non* of probationary conditions under section 9754(c)(13).

▮ Our interpretation of section 9754(c)(13) is faithful to the Supreme Court's instruction in *Hall* to construe section 9754 strictly. Our decision also is consistent with recent legislative history. In 1968, the legislature enacted 19 P.S. § 793, which required criminal defendants to reimburse the county for the expenses of court-appointed counsel. In the same year, the legislature enacted the Public Defender Act, which provided that "any person who has been convicted of making a false affidavit or false statement for the purpose of securing counsel or services under this act shall make restitution as the court shall determine to the county and the Commonwealth of Pennsylvania of all moneys paid on the basis of the false affidavit or false statement." 16 P.S. § 9960.8. In 1984, the legislature repealed 19 P.S. § 793. There has been no new legislation since 1984 mandating payment for court-appointed counsel. This chain of events suggests that the legislature does not intend to assess individuals for the Public Defender's services except for those defendants convicted of obtaining the Public Defender's services by misrepresenting their financial status. Rivera does not fit within this narrow provision, since he was not convicted of submitting false statements or affidavits for the purpose of obtaining the Public Defender's services.

Having agreed with Rivera's first argument on appeal, we vacate the condition of his sentence directing him to pay the PDA[5]. We also remand this case to the

---

**4.** The other decisions cited above—*Terry, Verilla,* and *Opara*—do not involve section 9754(c)(13). In *Terry,* our Supreme Court held that 19 P.S. § 793 did not authorize the Philadelphia Municipal Court to order the defendant to pay for the Public Defender's representation after that court acquitted the defendant of drug-related charges. As discussed *infra*, the legislature repealed section 793 in 1984.

In *Verilla*, this Court held that no statutory authority existed to order the defendant to pay for the Public Defender following his conviction for rape and indecent assault.

And in *Opara*, following a guilty plea to driving under the influence of alcohol, the court sentenced the defendant to probation and ordered him either to pay $750.00 to the City of Philadelphia for the use of the Philadelphia Defender Association or spend 30 days in county prison for contempt. A plurality of this Court found this condition invalid, reasoning: "[T]here is no Pennsylvania statute specifically authorizing the reimbursement order ... There being no authority for the order of the lower court, the order must be vacated." *Id.*, 362 A.2d at 307, 308.

**5.** In Rivera's second argument on appeal, he argues that under due process principles articulated in *Opara*, the trial court erred by imposing $500.00 as a PDA without obtaining

trial court for resentencing, since our decision might affect the trial court's sentencing scheme. *Commonwealth v. Dobbs,* 452 Pa.Super. 488, 682 A.2d 388, 392 (1996) ("If a correction by this court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand"). The court remains free on remand to impose fines, costs or restitution that are authorized by statute.

Judgment of sentence vacated; case remanded for resentencing; jurisdiction relinquished.

Judge ALLEN files a concurring statement.

## CONCURRING STATEMENT BY ALLEN, J.:

I concur in result only.

In *Commonwealth v. Pride,* 252 Pa.Super. 34, 380 A.2d 1267 (1977), in response to the dissent's characterization of the trial court's sentencing order, this Court stated:

[T]he trial court's sentencing order did not condition probation on repayment of $500.00. Our Court is bound by terms of the sentence officially appearing on the record. *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971). Accordingly, we may not redefine the reimbursement order as a condition of probation.

*Pride,* 380 A.2d at 1270 (footnote omitted). My review of the record reveals that, like the facts of Pride, the written sentencing order at issue did not specifically provide that the $500.00 payment to the Public Defender's Office was a condition of Appellant's probation. It is for this reason that I join the Majority's disposition in this case.

Nevertheless, unlike the Majority, I do not read *Pride* as necessarily foreclosing a

monetary payment to the Public Defender's Office as a condition of a probationary sentence. In *Pride,* because the sentencing order did not specifically impose the monetary payment as a condition of probation, the majority found the ordered payment was not statutorily authorized. *Pride,* 380 A.2d at 1270 (holding that "[t]here is not statutory authority to support the [trial] court's order of reimbursement to the public defender"). *Compare Commonwealth v. Hall,* —— Pa. ——, 80 A.3d 1204 (2013) (explaining that "a condition requiring the defendant to take some measure of financial responsibility for the consequences of his criminal conduct may be reasonably related to the rehabilitation that probation is designed to foster").

In sum, because the trial court's written sentencing order did not specifically designate the payment of $500.00 to the Public Defender's Office as a condition of Appellant's probation, I agree with the Majority's decision to vacate Appellant's sentence and remand for resentencing.

---

an accounting of the Public Defender's actual costs. This issue is moot in view of our decision that the trial court lacked authority to impose these costs under sections 9754(c)(11) and (c)(13).