J-S25004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ADRIAN JONES, | |
| Appellant | No. 332 WDA 2014 |

Appeal from the Judgment of Sentence Entered September 26, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0002592-2013
CP-02-CR-0004826-2013
CP-02-CR-0007435-2012

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                   **FILED JUNE 09, 2015**

Appellant, Adrian Jones, appeals from the judgment of sentence of an

aggregate term of 5 to 10 years' incarceration, imposed after he pled guilty

in three different cases to various offenses, including three counts of

possession with intent to deliver heroin (PWID) and two counts of carrying a

firearm without a license.  On appeal, Appellant challenges the legality of his

sentence.  His counsel has also filed with this Court a petition to withdraw

pursuant to **Anders v. California**, 386 U.S. 738 (1967), and

**Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful

_____

[*] Retired Senior Judge assigned to the Superior Court.

review, we deny counsel's petition to withdraw, vacate Appellant's judgment of sentence, and remand for resentencing.

The procedural history of Appellant's case can be briefly summarized as follows. On September 26, 2013, Appellant entered a negotiated guilty plea to, *inter alia*, three counts of PWID and two counts of carrying a firearm without a license. In accordance with the plea agreement, the court imposed an aggregate term of 5 to 10 years' incarceration, which included two mandatory terms of five to ten years' incarceration for two of Appellant's PWID offenses. Those mandatory sentences were imposed under 42 Pa.C.S. § 9712.1.[1]

_____

[1] That provision states:

> **(a) Mandatory sentence.--**Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
> …
>
> **(c) Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall

*(Footnote Continued Next Page)*

Appellant filed a timely notice of appeal, as well as a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On February 9, 2015, Appellant's counsel filed with this Court a petition to withdraw and an **Anders** brief. Thus, before we may address the merits of Appellant's issue, we must assess counsel's request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Counsel must satisfy the following three requirements before he or she will be permitted to withdraw from representation:

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

**Id.** (quoting **Santiago**, 978 A.2d at 351 (citation omitted)).

> In the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is

_(Footnote Continued)_ ───────────────

> afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9712.1.

frivolous.

***Santiago***, 978 A.2d at 361. After confirming that counsel has satisfied his or her obligations under ***Anders***, this Court must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Id.*** at 355 n.5 (citations omitted).

Here, counsel states in her petition to withdraw that she has conscientiously reviewed the record and determined that Appellant's appeal is frivolous. Counsel also confirms that she has forwarded a copy of her ***Anders*** brief to Appellant, as well as a letter (which she attached to her petition to withdraw) advising Appellant of his right to retain new counsel or proceed *pro se* and raise any additional points that he deems worthy of this Court's consideration. In her ***Anders*** brief, counsel summarizes the factual and procedural history of Appellant's case with citations to the record. She also discusses the legality of sentencing issue Appellant seeks to raise, and refers to everything in the record that could arguably support his appeal. She then states her reasons for concluding that Appellant's appeal is wholly frivolous, and articulates the relevant facts of record and controlling case law that she believes supports that determination. Accordingly, we conclude that counsel has complied with the procedural dictates of ***Anders*** and ***Santiago***.

Next, we must conduct our own review of the record and Appellant's issue to decide whether his appeal is in fact wholly frivolous. Appellant

seeks to argue that his two mandatory sentences of five to ten years' imprisonment, imposed pursuant to 42 Pa.C.S. § 9712.1, are illegal in light of the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that any fact that increases a mandatory minimum sentence is an element of the crime, not a sentencing factor, that must be submitted to the fact-finder and proven beyond a reasonable doubt), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (holding that, pursuant to *Alleyne*, 42 Pa.C.S. § 9712.1 is unconstitutional).

To begin, "we note that issues pertaining to *Alleyne* go directly to the legality of the sentence." *Commonwealth v. Lawrence*, 99 A.3d 116, 123 (Pa. Super. 2014).

> "A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n. 8 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

*Commonwealth v. Fennell*, 105 A.3d 13, 15 (Pa. Super. 2014).

Despite *Newman*'s holding that section 9712.1 is unconstitutional under *Alleyne*, Appellant's counsel concludes that his sentences under that provision are not illegal because "Appellant pled guilty pursuant to a

negotiated plea agreement rather than proceed to a jury trial." ***Anders*** Brief at 18. This argument is meritless. Appellant's sentence is *necessarily* illegal because the statute under which it was imposed - 42 Pa.C.S. § 9712.1 – is unconstitutional. ***See Rivera***, 95 A.3d at 915 (stating "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal").

Moreover, counsel's argument is unconvincing in light of this Court's decision in ***Fennell***. There, we addressed whether a defendant's stipulating to the total weight of drugs found in his possession, the fact that resulted in the imposition of a mandatory minimum sentence, was sufficient to satisfy the dictates of ***Alleyne***. Concluding that it was not, we stated:

> Furthermore, we see no meaningful difference, for the purposes of ***Newman*** and [***Commonwealth v.***] ***Valentine***[, 101 A.3d 801 (Pa. Super. 2014),][2] between submitting the element to the jury and accepting a stipulation from a defendant. They both have the purpose of finding a method to impose a mandatory minimum sentence outside the statutory framework, but consistent with ***Alleyne***. However, both ***Newman*** and ***Valentine*** unequivocally state that creating a new procedure in an effort to impose a mandatory minimum sentence is solely within the province of the legislature. ***See Newman, supra***; ***Valentine, supra***. While submission to a jury is a more formal and involved procedure, we decline to fracture ***Newman*** and ***Valentine*** further by concluding that when read together, they only prohibit formal mandatory minimum procedures, but permit informal ones. Based on these

---

[2] In ***Valentine***, we held that the trial court's permitting the jury, on the verdict slip, to determine facts which led to the imposition of two mandatory minimum sentences amounted to the trial court's performing "an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with ***Alleyne***." ***Valentine***, 101 A.3d at 811.

considerations, we conclude that the trial court erred in imposing the mandatory minimum sentence in this case.

*Fennell*, 105 A.3d at 20. Here, allowing the imposition of a mandatory minimum sentence pursuant to section 9712.1 on the basis that Appellant entered a negotiated guilty plea would impermissibly "creat[e] a new procedure in an effort to impose a mandatory minimum sentence[, which] is solely in the province of the legislature." *Id.*

Accordingly, we conclude that Appellant's two mandatory minimum sentences imposed under 42 Pa.C.S. § 9712.1 are illegal. Therefore, we vacate Appellant's sentence and remand for resentencing. Because we disagree with counsel that Appellant's sentencing issue is frivolous, we deny her petition to withdraw. Our independent review of the record reveals no other issues of arguable merit.

Judgment of sentence vacated. Case remanded for resentencing. Petition to withdraw denied. Jurisdiction relinquished.

Judge Stabile joins this memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2015

- 7 -