J-S36020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAQUAN AMIR BROWN | |
| Appellant | No. 1560 WDA 2014 |

Appeal from the Judgment of Sentence November 26, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0007269-2013

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED JULY 07, 2015**

Appellant Laquan Amir Brown appeals from the judgement of sentence entered in the Allegheny County Court of Common Pleas following his guilty plea to theft by unlawful taking, unauthorized use of a motor vehicle, driving without a license, and driving while operating privilege suspended or revoked.[1]  We vacate and remand for resentencing.

The relevant facts and procedural history of this appeal are as follows. On May 19, 2013, Pamela Patterson ["Victim"] left her keys in the ignition of her 2006 Buick sedan while she went into a Sunoco gas station to purchase a lighter.  While Victim was in the gas station, Appellant absconded with the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3921, 3928; 75 Pa.C.S. §§ 1501, 1543, respectively.

vehicle, without permission, to visit a friend. Police apprehended Appellant later that day and confirmed that he did not have a valid operating license.

On November 26, 2013, Appellant pled guilty to the aforementioned charges. The same day, the court sentenced him to eight (8) years' probation for theft by unlawful taking and two (2) consecutive years' probation for unauthorized use of a motor vehicle.[2]

On December 9, 2013, Appellant wrote a letter requesting permission to withdraw his guilty plea, which the court denied as untimely on December 19, 2013. Appellant did not file a direct appeal within thirty (30) days of his judgment of sentence, but filed a counseled petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, requesting the court reinstate his appeal rights nunc pro tunc. On August 27, 2014, the court granted Appellant's petition and reinstated his appeal rights nunc pro tunc. On September 24, 2014, Appellant timely filed a notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.[3]

Appellant raises the following issues for our review:

> [WHETHER] THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING AN UNDULY HARSH AND EXCESSIVE SENTENCE OF AN AGGREGATE TEN YEARS OF PROBATION IN LIGHT OF THE OBJECTIVES OF THE SENTENCING CODE AS ESTABLISHED IN § 9721, AND MR. BROWN'S SPECIFIC

---

[2] The court did not impose sentences on the remaining convictions.

[3] On October 2, 2014 the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement by November 10, 2014, and Appellant timely complied.

CIRCUMSTANCES AND REHABILITATIVE NEEDS WHEN COMPARED TO THE NEED TO PROTECT THE PUBLIC[?]

[WHETHER] THE TRIAL COURT IMPOSED AN ILLEGAL SENTENCE[?]

Appellant's Brief at 6.

For purposes of disposition, we will first address Appellant's second issue. Appellant argues the court imposed an illegal sentence because the statutory maximum sentence for theft by unlawful taking is seven (7) years and the court imposed a sentence of eight (8) years' probation on this conviction. We agree.

Primarily, we observe:

> "A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 (Pa.Super.2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). "An illegal sentence must be vacated." **Id.** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).

**Commonwealth v. Wolfe**, 106 A.3d 800, 801-02 (Pa.Super.2014).

Regarding Appellant's sentence for theft, a third degree felony, the relevant statute provides:

**§ 1103. Sentence of imprisonment for felony**

Except as provided in 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses), a person

who has been convicted of a felony may be sentenced to imprisonment as follows:

\* \* \*

(3) In the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years.

18 Pa.C.S. § 1103.

Regarding Appellant's sentence for unauthorized use of a motor vehicle, a second degree misdemeanor, the relevant statute provides:

### § 1104. Sentence of imprisonment for misdemeanors

A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than:

\* \* \*

(2) Two years in the case of a misdemeanor of the second degree.

18 Pa.C.S. § 1104.

Here, the Commonwealth and the trial court concede that Appellant's sentence is illegal. The court-imposed eight (8) year sentence exceeds the statutory maximum for a third degree felony. Thus, Appellant's sentence is illegal and must be vacated.[4] **_See Wolfe, supra._**

---

[4] Due to our disposition of this issue, we need not address Appellant's other claim.

Judgment of sentence vacated. Case remanded for resentencing.[5]

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015

---

[5] Although the court legally sentenced Appellant to the two (2) year statutory maximum for unauthorized use of a motor vehicle, a second degree misdemeanor, the resulting ten (10) year aggregate term of probation exceeds the statutory maximum for the combined offenses. We must remand for resentencing of both convictions because vacating the illegal sentence upsets the trial court's sentencing scheme.