J-S31017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN LEE MCKENZIE | : | |
| | : | |
| Appellant | : | No. 1627 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 3, 2019
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000916-2019,
CP-21-CR-0000991-2019

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:　　　　　　　**FILED DECEMBER 23, 2020**

Appellant, Brain Lee McKenzie, appeals from the Judgment of Sentence entered on September 3, 2019, following his open plea to Home Improvement Fraud and Possession with Intent to Deliver ("PWID").[1]  Appellant challenges the legality of his sentence.  We affirm.

On September 3, 2019, Appellant pleaded guilty to the charges set forth above and requested immediate sentencing.  The lower court accepted his plea and agreed to impose the sentence recommended by the Commonwealth, an aggregate sentence of eleven and one-half to twenty-three months of

_____

[1] 73 P.S. § 517.8(a)(2); 35 P.S. 780-113(a)(30), respectively.

incarceration followed by thirty-six months of probation.[2]  ***See*** N.T. Plea, 9/3/19, at 2-13; Sentencing Order, 9/3/19.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement.[3]  The lower court issued a responsive Opinion.

Appellant contends the lower court imposed an illegal sentence because it ordered his sentence to run concurrent to a pending recommitment due to a state parole violation.  ***See*** Appellant's Br. at 6, 10-12.  Appellant also asserts that his sentence violates 61 Pa.C.S. § 6138 because he is serving his new county sentence before completing a prior state sentence.  ***See id.***

_____

[2] In addition to imposing costs, fines, and restitution, the court designated Appellant eligible for immediate work release.

[3] Appellant filed a single Notice of Appeal identifying the two criminal dockets relevant to this case: CP-21-CR-0000916-2019 and CP-21-CR-0000991-2019. This is a violation of Pennsylvania Rule of Appellate Procedure 341(a). ***Commonwealth v. Walker***, 185 A.3d 969, 976-77 (Pa. 2018) (requiring a separate notice of appeal filed for each docket relevant to an appeal). However, we may overlook the requirements of ***Walker*** when a breakdown occurs in the court system. ***Commonwealth v. Larkin***, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*). Pennsylvania Rule of Criminal Procedure 704 provides that the sentencing judge "shall determine on the record" that the defendant has been advised of his post-trial and appellate rights. Pa.R.Crim.P. 704(C)(3). Here, the lower court failed to advise Appellant of his appellate rights and merely asked Appellant's counsel to do so. The record, however, does not reflect that Appellant's counsel actually advised Appellant. ***See*** N.T. Plea, 9/3/19, at 11 (directing defense counsel to "go over any post-sentence rights [Appellant] needs" but failing determine on the record that Appellant had been advised of his appellate rights); ***see also*** Sentencing Order, 9/3/19. Thus, the trial court failed to meet the requirements of Rule 704(C)(3), constituting a breakdown in the court system, and we decline to apply ***Walker***.

A challenge to the legality of a sentence presents a question of law. Thus, our standard of review is *de novo*, and the scope of our review is plenary. **Commonwealth v. Fennell**, 105 A.3d 13, 15 (Pa. Super. 2014). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted).

Appellant's initial claim does not accurately reflect the record. Our plenary review of the sentencing proceedings, as well as the resulting Sentencing Order, reveals that the court did not direct Appellant's sentence to run concurrent to his pending recommitment for a state parole violation. Rather, the court imposed concurrent terms of incarceration for his Home Improvement Fraud and PWID convictions. **See** N.T. Plea at 8-11; Sentencing Order; **see also** Trial Ct. Op., 1/10/20, at 1 ("[T]he sentence imposed was not ordered to run concurrent to the pending parole violation.").

In addition, Appellant's argument regarding 61 Pa.C.S. § 6138 is without merit. Section 6138 defines the manner in which a new sentence imposed upon a parolee shall proceed. Where, as in this case, a state parolee receives new charges that warrant a county sentence, "the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed." 61 Pa.C.S. § 6138(a)(5)(iii). We infer from Appellant's Brief that he remains incarcerated in the Cumberland County Correctional

Facility, serving his newly imposed sentence. **See** Appellant's Br. at 8. This is in accordance with Section 6138(a)(5)(iii).

The sentence imposed by the lower court was well within its legal authority. **See** 42 Pa.C.S. § 9721(a) (providing that a court may impose terms of total confinement "consecutively or concurrently"). As we discern no other basis for relief, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2020