J-S12035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :           PENNSYLVANIA
                                                  :
                     v.                       :
                                                :
                                                :
FREDERICK  BOWMAN               :
                                                  :
                  Appellant             :      No. 9 EDA 2020

Appeal from the Judgment of Sentence Entered November 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005489-2017

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           Filed: September 9, 2021

Frederick Bowman ("Bowman") appeals from the judgment of sentence imposed following the revocation of his probation.  We vacate Bowman's judgment of sentence, and remand for further proceedings.

Between November 2016, and April 2017, Bowman lived with E.W., a nine-year-old child, and E.W.'s aunt, Bowman's girlfriend at the time.  On multiple occasions during this period, Bowman placed a pillow on top of E.W.'s buttocks, and then gyrated on the pillow with his penis.  During these incidents, Bowman exposed himself to E.W. multiple times.  Additionally, Bowman touched E.W.'s upper thigh and her vagina through her clothing.  On July 3, 2017, Bowman was charged via Information with several offenses relating to his sexual abuse of E.W.

On March 19, 2018, Bowman entered into a negotiated guilty plea to one count each of corruption of minors, indecent exposure, and endangering the welfare of children ("EWOC").[1] On the same day, the trial court sentenced Bowman, in accordance with the negotiated plea, to an aggregate term of 3 to 23 months in prison, followed by five years of probation. Additionally, Bowman was required to complete sex offender treatment, obtain a GED, demonstrate that he was seeking employment, and was prohibited from having unsupervised contact with any minors.[2] At the close of the sentencing hearing, the trial court paroled Bowman, effective immediately.

On September 23, 2019, Philadelphia Adult Probation and Parole ("PAPP") filed a *Gagnon I*[3] Summary Report, in which it indicated that Bowman was in violation of his parole. In particular, PAPP indicated that Bowman had failed his polygraph, failed to admit fault for the offenses relating to E.W., and was unsuccessfully discharged from sex offender treatment.

On November 8, 2019, PAPP filed a *Gagnon II* Summary Report indicating the same as above and, additionally, that Whitemarsh Police Detective Gregory Lattanze reported to PAPP that Bowman had begun grooming a 13-year-old girl while on parole. Bowman had kissed the minor

_____

[1] 18 Pa.C.S.A. §§ 6301(a)(l)(i), 3127(a), 4304(a)(1).

[2] Bowman was not required to register as a sex offender.

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

child twice and was attempting to have a romantic relationship with the child.[4] As a result, PAPP searched Bowman's cellphone and discovered that Bowman had sent numerous messages to the minor child via Messenger App, Text Me App, and Discord App.

On November 14, 2019, the trial court conducted a parole violation hearing. At the hearing, PAPP presented the evidence described above in the *Gagnon* Summary Reports, noted that Bowman had cooperated fully with PAPP as well as the Whitemarsh Police, and that Bowman had admitted to the above-described technical violation. Additionally, the trial court determined that Bowman's technical violations occurred during his parole, and that Bowman had not yet started his term of probation.

Nevertheless, at the close of the hearing, the trial court found Bowman to be in technical violation of his parole and probation due to the above-mentioned grooming of a child. On the same day, the trial court revoked Bowman's parole, and anticipatorily revoked Bowman's probation. The trial court then resentenced Bowman to consecutive terms of 1½ to 3 years in state prison for each of his above-mentioned offenses, which resulted in an aggregate term of 4½ to 9 years in state prison.

Bowman filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

---

[4] Ultimately, the Whitemarsh Police did not file charges against Bowman relating to this incident.

Bowman now raises the following claims for our review:

1. Did not the [trial] court violate double jeopardy and impose an illegal sentence when it sentenced [Bowman] to a term of incarceration of 1½ to 3 years for the charge of [EWOC,] where the original sentence on that charge was a term of incarceration of 3 to 23 months with no term of probation?

2. When the [trial] court revoked [Bowman]'s parole for a violation of his parole, did not the [trial] court lack authority under Pennsylvania law to also revoke a consecutive sentence of probation that [Bowman] had not yet begun to serve?

Brief for Appellant at 3.

In his first claim, Bowman asserts that the trial court imposed an illegal sentence when it resentenced him to a period of 1½ to 3 years in prison for his conviction of EWOC. *Id.* at 13-15. Bowman contends that the trial court, upon revoking Bowman's parole, was required to resentence him to complete the balance of his original parole sentence in county prison. *Id.* Bowman argues that the trial court conceded this claim, and that he is entitled to a new sentencing hearing. *Id.* at 14-15.

Bowman challenges the legality of his sentence, and thus "our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." *Commonwealth v. McKee*, 38 A.3d 879, 881 (Pa. Super. 2012). "If no statutory authority exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). Additionally, "[a]n illegal sentence must be vacated." *Id.*

In its Opinion, the trial court stated as follows:

- 4 -

> On November 14, 2019, [the trial c]ourt revoked [Bowman]'s parole and probation … and mistakenly sentenced him to one and one half [] to three [] years of total confinement on each count to run consecutively or a total of four and one half [] to nine [] years of confinement. As a result[,] the new sentence imposed on the [EWOC conviction] of one and one half [] to three [] years of total confinement was illegal. … [T]his case should be remanded so [that the trial court] may correct the illegal manner in which the total sentence was imposed.

Trial Court Opinion, 8/27/20, at 7-8.

Upon review, we agree. "[A] court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment, from which the prisoner could be reparoled." **Commonwealth v. Holmes**, 933 A.2d 57, 59 n.5 (Pa. 2007); **see also Commonwealth v. Fair**, 497 A.2d 643, 645 (Pa. Super. 1985) (stating that the trial court, after finding a violation of parole in cases not under the control of the Pennsylvania Board of Parole, has "no authority for giving a new sentence with a minimum and maximum."). Accordingly, we vacate Bowman's judgment of sentence imposed on November 14, 2019, and remand for resentencing in accordance with this memorandum.

However, this does not end our review. In Bowman's second claim, he contends that the trial court lacked the legal authority to anticipatorily revoke his subsequent term of probation. Brief for Appellant at 15. Bowman acknowledges that he violated his parole, but claims that he had not yet begun serving his probation term. **Id.** at 15-16. Additionally, Bowman argues that, under 42 Pa.C.S.A. §§ 5505, 9771(a) and (d), a trial court lacks the authority

to anticipatorily revoke probation. Brief for Appellant at 16-29. According to Bowman, this Court's decision in **Commonwealth v. Wendowski**, 420 A.2d 628 (Pa. Super. 1980)[5] is no longer supported by Pennsylvania's current statutory sentencing scheme, and therefore **Wendowski** and its progeny must be overturned. Brief for Appellant at 16-29.

Recently, this Court, sitting *en banc*, held that a trial court cannot anticipatorily revoke probation that a defendant has not begun to serve. **See Commonwealth v. Simmons**, 2021 PA Super 166, at **28-30 (Pa. Super. filed Aug. 18, 2021) (*en banc*) (concluding that a trial court cannot anticipatorily revoke probation where the defendant committed new crimes while on parole); **see also Commonwealth v. Reavis**, 2021 WL 3668883, at *1-3 (Pa. Super. filed Aug. 18, 2021) (*en banc*) (unpublished memorandum) (relying on **Simmons**, and concluding that a trial court cannot anticipatorily revoke probation where the defendant committed technical probation violations while on parole).

In **Simmons**, this Court held that **Wendowski** and its progeny incorrectly held that a trial court may anticipatorily revoke an order of probation when the defendant committed a new crime after sentencing, but before the period of probation had commenced. **See Simmons**, 2021 PA

---

[5] In **Wendowski**, this Court held that a trial court may anticipatorily revoke an order of probation when the defendant committed a new crime after sentencing, but prior to the commencement of probation. **See Wendowski**, 420 A.2d at 629-30.

Super 166, at \*\*23-29. In particular, this Court analyzed Sections 9721, 9754, and 9771 of the Sentencing Code and determined that **Wendowski's** holding has no support in Pennsylvania's statutes and is contrary to their plain language. **See Simmons**, 2021 PA Super 166, at \*\*19-24. Additionally, in **Reavis**, this Court similarly determined that an alleged technical probation violation does not grant a trial court the authority to anticipatorily revoke probation. **See Reavis**, 2021 WL 3668883 at \*2-3.

Instantly, Bowman began serving his parole period on March 19, 2018, and on September 23, 2019, PAPP alleged that Bowman had violated his parole. **See** N.T. (Parole Revocation Hearing), 11/14/19, at 5-16. Accordingly, on November 14, 2019, the trial court determined that Bowman had violated his parole, revoked his parole, and anticipatorily revoked his probation. Trial Court Opinion, 8/27/20, at 1. However, as noted *supra*, Bowman had not yet begun serving his probation, and therefore, the trial court lacked the authority to anticipatorily revoke Bowman's probation term. **See Simmons**, **supra**; **Reavis**, **supra**. Accordingly, in line with this Court's *en banc* decision in **Simmons**, we vacate Bowman's judgment of sentence and remand this case with instructions to reinstate the original Order of probation. **See Simmons**, **supra**; **Rivera**, **supra**.

Judgment of sentence vacated. Case remanded with instructions to reinstate the original Order of probation and for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/21