J. S30029/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
v.        :
:
JONATHAN QUARM,        :        No. 1555 EDA 2015
:
Appellant    :

Appeal from the Judgment of Sentence, April 21, 2015,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0001713-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 17, 2016**

Jonathan Quarm appeals the judgment of sentence in which the Court of Common Pleas of Delaware County sentenced him to serve a term of 12 to 60 months' imprisonment for a third offense driving under the influence ("DUI"), 75 Pa.C.S.A. § 3804(c)(3).  The trial court also ordered appellant to pay a $2,500 fine, a $300 special cost assessment, undergo a drug and alcohol evaluation, and attend safe driving school.

The facts as recounted by the trial court are as follows:

> On August 22, 2011 at approximately 1:53 a.m. Trooper Martin Wiley of the Pennsylvania State Police was on duty and in full uniform in a marked patrol unit traveling South on State Road Rt. 1 just north of Brandywine Drive, Chadds Ford Township, Delaware County, Pennsylvania.  Trooper Wiley observed a Lincoln Sedan bearing PA reg#HFD9821 traveling in front of his patrol unit change lanes without signaling and then abruptly, and unsafely, swerve outside of

its lane of travel after changing lanes. Trooper Wiley queried the registration in NCIC/CLEAN and it returned as a suspended registration. At that time Trooper Wiley initiated a traffic stop.

Trooper Wiley approached the driver side of the vehicle and made contact with the operator, [appellant] in this case. While interviewing [appellant], Trooper Wiley detected a strong odor of an alcoholic beverage emanating from his breath and person. Trooper Wiley then asked the [appellant] to exit his vehicle to perform Standardized Field Sobriety Tests. Trooper Wiley explained and demonstrated Standardized Field Sobriety Tests to [appellant] and requested that he perform the tests. [Appellant] performed the Standardized Field Sobriety Tests and showed positive indicators of intoxication on all the tests. [Appellant] was placed under arrest and transported to PSP Media for a chemical test of breath. [Appellant] was administered a chemical test of breath on the Datamaster DMT by Trooper Patrick Wade who is a certified operator of this machine. [Appellant's] test yielded a Breath [sic] Alcohol Content of .247%.

Trial court opinion, 9/15/15 at 1-2.

A jury convicted appellant of DUI, general impairment, incapable of driving safely, 75 Pa.C.S.A. § 3802(a)(1) and DUI, highest rate of alcohol (BAC .16+), 75 Pa.C.S.A. § 3802(c).[1] Thereafter, the trial court acquitted

---

[1]Section 3802(c) of the Vehicle Code, 75 Pa.C.S.A. § 3802(c), provides:

**Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

appellant of a violation of Operating a Vehicle without Ignition Interlock (BAC .025+) 4th or subsequent offense, 75 Pa.C.S.A. § 3808(a)(2).

At the sentencing hearing, the Commonwealth introduced into evidence a certified driver history for appellant which indicated that appellant had two prior DUI convictions: he previously accepted Accelerated Rehabilitative Disposition on a DUI offense committed on December 25, 2005, and was convicted of DUI in New Jersey on July 13, 2007.

The trial court took these prior convictions into account when it sentenced appellant.[2] The trial court explained its decision to impose the sentence of 12 to 60 months' imprisonment on appellant based on his prior convictions:

---

[2] Section 3804(c)(3) of the Vehicle Code, 75 Pa.C.S.A. § 3804(c), provides:

> **Incapacity; highest blood alcohol; controlled substances.--**An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:
>
> . . . .
>
> (3) For a third or subsequent offense, to:
>
> (i) undergo imprisonment of not less than one year;
>
> (ii) pay a fine of not less than $2,500; and
>
> (iii) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

> In the instant case, the mandatory minimum sentence imposed upon [appellant] was triggered by his prior convictions. In every case which has addressed the issue, the courts have agreed that mandatory minimum sentences based upon prior convictions do not require a judge or jury to find the existence of the prior conviction beyond a reasonable doubt and such mandatory minimum sentences based upon prior convictions are not rendered unconstitutional or illegal based upon ***Alleyne*** [***v. United States***, ___ U.S. ___, 133 S.Ct 2151 (2013)]. Therefore, as the law currently stands, the imposition of a mandatory minimum sentence based on a prior conviction is not unconstitutional. ***See Commonwealth v. Hale***[, 85 A.3d 570 (Pa.Super. 2014)].

Trial court opinion, 9/15/15 at 4.

Appellant contends that the trial court erred when it sentenced him based on the record of prior convictions when the jury did not have the opportunity as fact-finder to determine whether he in fact did receive the prior convictions. Essentially, appellant argues that his judgment of sentence should be vacated and the case should be remanded to the trial court in order for a jury to determine whether he had prior convictions for DUI as the proof of prior convictions helped to determine the severity of his sentence. He also argues that permitting the trial court to determine the sentence based on prior convictions when a jury did not have the

opportunity to determine if the prior convictions in fact occurred violates

Article I, Section 9 of the Pennsylvania Constitution.[3]

> At the outset, we note that issues pertaining to ***Alleyne*** go directly to the legality of the sentence. ***Commonwealth v. Lawrence***, 99 A.3d 116, 123 (Pa.Super. 2014). With this in mind, we begin by noting our well-settled standard of review. "A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 n. 8 (Pa.Super. 2011). (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa.Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is ***de novo*** and our scope of review is

---

[3] Article I, Section 9 of the Pennsylvania Constitution provides:

> In all criminal prosecutions the accused hath a right to be heard by himself and his counsel to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

Pa. Const. Art. I, § 9.

> plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa.Super. 2014) (citations omitted).

*Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa.Super. 2014).

In *Alleyne*, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 433 S.Ct. at 2155. However, the United States Supreme Court noted that it did not address the narrow exception to this general rule for the fact of a prior conviction. *Id.* at 2160 n.1.

Pennsylvania courts have long held that a trial court may determine the existence of prior convictions at the time of sentencing. In *Commonwealth v. Aponte*, 855 A.2d 800 (Pa. 2004), our supreme court addressed the applicability of Article I, Section 9 of the Pennsylvania Constitution and the due process provisions of the United States Constitution when it determined that proof of a prior conviction did not have to be submitted to a jury in order to be used to invoke an enhanced sentencing provision based on a prior conviction.

Since *Alleyne*, the Pennsylvania Supreme Court has struck down some minimum sentencing statutes as unconstitutional. *See Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (our supreme court declared unconstitutional a mandatory minimum sentencing statute if certain controlled substance crimes occurred within 1,000 feet of a school). However, the prior conviction exception continues. In *Commonwealth v.*

*Reid*, 117 A.3d 777 (Pa.Super. 2015), this court held that Section 9714 of the Sentencing Code, 42 Pa.C.S.A. § 9714, which increased the mandatory minimum sentence for a crime of violence based on a prior conviction for a crime of violence was not unconstitutional under *Alleyne* and that the proof of a prior conviction was not a fact that had to be found by a jury. More recently, in *Commonwealth v. Bragg*, 2016 WL 490006 (Pa.Super. February 5, 2016), Gregory Bragg contended that the Court of Common Pleas of Philadelphia County erred when it imposed a mandatory minimum sentence for an arson conviction based on a prior conviction for burglary of an occupied residence, a crime of violence. Because *Alleyne* recognized the exception for prior convictions, this court determined that a jury did not have to find that the prior conviction occurred and affirmed.

While appellant asks this court to ignore established precedent and eliminate the rule that the fact of a prior conviction does not have to be presented to a jury and may be submitted to the sentencing court, this court declines to do so.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016