J-E01011-16

2016 PA Super 149

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SEAN JOSEPH CICCONE | |
| Appellant | No. 3114 EDA 2014 |

Appeal from the PCRA Order October 7, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003231-2011

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, J., SHOGAN, J., LAZARUS, J., MUNDY, J., OLSON, J., OTT, J., and STABILE, J.

CONCURRING OPINION BY MUNDY, J.:                    **FILED JULY 12, 2016**

I concur in the result of the learned Majority in this case, but I cannot join its opinion. Although I agree that we may correct Appellant's illegal sentence in this case based on **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015),[1] and its progeny, I disagree with the Majority's analysis.

Succinctly stated, I cannot accept the Majority and the Dissent's premise that **Newman** and its progeny are conclusions of federal

---

[1] Subsequent to **Newman**, our Supreme Court decided **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), which adopted **Newman**'s conclusion. I utilize **Newman** to refer to this entire line of cases for simplicity.

constitutional law.[2]   In **Newman**, the defendant was sentenced to a mandatory minimum under 42 Pa.C.S.A. § 9712.1, after the trial court found by a preponderance of the evidence that the defendant possessed a firearm "in close proximity" to drugs.  **Newman**, **supra** at 98.  This Court concluded that, consistent with **Alleyne**, Appellant's Sixth Amendment right to a jury trial was violated, as the "in close proximity" element was not submitted to the jury and found beyond a reasonable doubt, and the error was not harmless.  **Id.**  But then the **Newman** Court went further and opined that **under 1 Pa.C.S.A. § 1925**, the subsections of Section 9712.1 could not be

---

[2] The Majority and Dissent's premise is apparent in their treatment of **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015), in which this Court concluded that **Alleyne v. United States**, 133 S. Ct. 2151 (2013) did not apply retroactively to cases where the judgment of sentence became final before **Alleyne** was decided.  **Riggle**, **supra** at 1067.  The **Riggle** Court applied the framework set by the United States Supreme Court in **Teague v. Lane**, 489 U.S. 288 (1989) (plurality), which determines whether a new rule of federal constitutional law shall be applied retroactively to cases where the judgment of sentence had become final.  **See id.** Although the Majority initially states that **Riggle** and **Teague** are legally irrelevant to the question presented in this case, the Majority overrules **Riggle** at the end of its opinion.  Majority Opinion at 16, 23.  Therefore, it is understandable that the Dissent spends almost all of its time explaining, as a federal constitutional matter, why **Alleyne** is not retroactive under **Teague**.  **See generally** Dissenting Opinion at 20.  As I explain *infra*, this Court need not engage in this mode of analysis to resolve the instant appeal.  **See** Appellant's Supplemental Brief at 14 (stating that Appellant can receive relief from his illegal sentence "**regardless** of the decisions concerning the retroactive application of **Alleyne** to cases on collateral review[]") (emphasis added).

severed from each other, rendering the statute "unconstitutional in its entirety."[3] *Id.* at 101-102, 102 n.10.

In the instant case, Section 7508(a)(1)(ii)'s three-year mandatory minimum was applied after Appellant admitted as part of his guilty plea that "[t]he weight of the [marijuana] plants was approximately, 13 pounds." N.T., 9/9/11, at 5; *see also* 18 Pa.C.S.A. § 7508(a)(1)(ii) (requiring a mandatory minimum sentence of three years' imprisonment "when the amount of marijuana involved is at least ten pounds, but less than 50 pounds[]"). Since Appellant admitted to the triggering element, Appellant's Sixth Amendment right to a jury trial was not violated. *See generally Alleyne*, *supra* at 2163; *Cunningham v. California*, 549 U.S. 270, 274-275 (2007) (stating that the Sixth Amendment requires extra elements either be "found by a jury **or admitted by the defendant**[]") (citation omitted; emphasis added).

---

[3] I filed a concurring opinion in *Newman*, explaining that Section 9712.1 was severable. *See Newman*, *supra* at 104-106 (Mundy, J., concurring). I have also expressed my disagreement with *Newman*'s severability analysis in subsequent opinions. *See generally Commonwealth v. Wolfe*, 106 A.3d 800, 803 n.4 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015); *Commonwealth v. Fennell*, 105 A.3d 13, 18 n.3 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015); *Commonwealth v. Cardwell*, 105 A.3d 748, 752 n.3 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015). However, I have also stated that since *Newman* is the law of this Commonwealth, it "must be applied in a principled manner[.]" *Wolfe*, *supra*; *Fennell*, *supra*; *Cardwell*, *supra*. Therefore, accepting *Newman*'s severability analysis, I cannot deny its legal consequences.

However, under **Newman**, the fact that Appellant's constitutional rights were not violated is legally irrelevant. We have held **Newman** requires voiding a mandatory minimum sentence even if the jury finds the extra element beyond a reasonable doubt, the defendant stipulates to the same, or the extra element was already an element of the primary offense. **See Commonwealth v. Vargas**, 108 A.3d 858, 864, 876-877 (Pa. Super. 2014) (*en banc*) (holding Section 7508 sentence illegal even though defendant stipulated to the drug weight), *appeal denied*, 121 A.3d 496 (Pa. 2015); **Fennell**, **supra** at 20 (same); **Cardwell**, **supra** at 754-755 (same); **Wolfe**, **supra** at 805-806 (holding Section 9718 sentence illegal even though extra element of victim's age was already an element of the underlying primary offense); **Commonwealth v. Valentine**, 101 A.3d 801, 812 (Pa. Super. 2014) (holding Sections 9712 and 9713 sentences illegal even though the extra elements were submitted to the jury on a special verdict form and found beyond a reasonable doubt), *appeal denied*, 124 A.3d 309 (Pa. 2015).

**Newman**'s severability analysis is not based on **Alleyne**, the Sixth Amendment, or anything the United States Supreme Court has promulgated, but rather it was a conclusion of this Court under 1 Pa.C.S.A. § 1925. Therefore, **Newman**'s severability holding is purely a state law conclusion, and it is **not** one of federal constitutional law. The United States Supreme Court has consistently acknowledged that the severability of state statutes

- 4 -

because of a constitutional defect is a state law issue. *See Hooper v. Bernalillo Cnty. Assessor*, 472 U.S. 612, 625 (1985) (stating, after holding a portion of a New Mexico statute unconstitutional that "[i]t is for the New Mexico courts to decide, as a matter of state law, whether the state legislature would have enacted the statute without the invalid portion); *Morey v. Doud*, 354 U.S. 457, 470 n.16 (1957) (stating, after holding a portion of an Illinois statute unconstitutional that "the question of severability is a question of state law, [and] the judgment of the Supreme Court of Illinois is binding here[]"), *overruled on other grounds*, *City of New Orleans v. Dukes*, 427 U.S. 297 (1976). *Newman* and its progeny do not stand for the proposition that the jury must find the extra element for a mandatory minimum beyond a reasonable doubt, which is what *Alleyne* holds. Instead, *Newman*'s severability conclusion stands for the legal rule that the jury is **prohibited** from finding said element beyond a reasonable doubt. Therefore, I cannot accept the Majority or the Dissent's characterization that we must decide whether *Alleyne* is retroactive under *Teague*.

*Newman* voids all of the mandatory minimum statutes, except those based on a prior conviction, which explicitly require judicial fact-finding by a preponderance of the evidence. Therefore, due to *Newman*'s state law conclusion on severability, Appellant's mandatory minimum sentence now lacks statutory authorization, which is a legality of sentence issue. *See*

*Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (stating, "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction[]") (citation omitted). A legality of sentence issue is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(vii); *accord Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004). Such claims "may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (citation omitted). As Appellant's PCRA petition was timely, we have jurisdiction and authority to correct Appellant's illegal sentence.

Based on the foregoing, I agree with the Majority that Appellant's mandatory minimum sentence is illegal and subject to correction because his PCRA petition was timely. However, I would leave *Riggle* undisturbed and not offer any explicit or implicit opinion as to whether *Alleyne* is retroactive as a matter of federal law under *Teague*. Accordingly, I respectfully concur in the result only.

Judge Lazarus joins this concurring opinion.