J-S70035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| NASSIR WHITE, | : | |
| | : | |
| Appellant | : | No. 23 EDA 2016 |

Appeal from the PCRA Order December 15, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0013498-2007

BEFORE: OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 15, 2016**

Nassir White ("White"), *pro se*, appeals from the Order denying his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On July 21, 2008, White pled guilty to third-degree murder, possession of a firearm prohibited and recklessly endangering another person ("REAP").[2] On that same date, and in accordance with the plea agreement, the trial court sentenced White to an aggregate prison term of 22½ to 45 years in prison. White filed no direct appeal of his judgment of sentence.

White filed a timely first PCRA Petition, which the trial court dismissed. This Court affirmed the Order of the PCRA court. *See Commonwealth v. White*, 32 A.3d 842 (Pa. Super. 2011) (unpublished memorandum).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] *See* 18 Pa.C.S.A. §§ 2502, 6105, 2705.

On April 8, 2014, White filed a *pro se* Petition for writ of *habeas corpus*. In his Petition, White asserted that the trial court's written sentencing Order fails to set forth the statutory authority for White's sentence and, therefore, his sentence is illegal. Petition for Writ of *Habeas Corpus* at 5, 6 (unnumbered). On June 17, 2015, the PCRA court issued Notice of its intention to dismiss White's PCRA Petition as untimely filed. In a Memorandum Order and Opinion filed on December 15, 2015, the PCRA court opined that White's claim was not cognizable under the PCRA. PCRA Court Opinion, 12/15/15, at 2. Nevertheless, the PCRA court denied White relief. White subsequently filed the instant timely appeal.

White presents the following claims for our review:

(1) Did the [PCRA c]ourt err in treating [White's] Writ of *Habeas Corpus Ad Subjiciendum* as a PCRA [Petition], when the issue raised is not cognizable under the PCRA statute?

(2) Did the [PCRA] court err in transferring [White's] Writ of *Habeas Corpus Ad Subjiciendum* from the Civil Trial Division to the Criminal Division, when [the] Writ of *Habeas Corpus* is civil in nature?

(3) Did the [PCRA c]ourt err when it failed to specify or notify on the record[,] or in [its] Sentencing [O]rder/Judgment of sente[n]ce a statute or provision authorizing the sentence[,] imposed on [White], which would make the Sentencing Order/Judgment of sentence invalid and not a binding document, which has caused [White's] unlawful continued restraint?

Brief for Appellant at 3 (issues renumbered).[3]

---

[3] In the Argument section of his brief, White addresses these claims together.

- 2 -

White claims that the court of common pleas improperly transferred his *habeas corpus* Petition to the criminal division, where it was then considered as a Petition for relief under the PCRA. ***Id.*** at 7. White contends that this transfer violated his right to due process. ***Id.*** White further argues that he is entitled to *habeas corpus* relief, as the trial court failed to set forth the statutory authorization for its sentence in the written sentencing Order, and unlawfully imposed a "mandatory minimum" sentence. ***Id.*** at 7-9.

Before addressing the merits of White's underlying claim, we first must determine whether White's Petition is cognizable under the PCRA. ***See Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998) (stating that both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim); ***see also*** 42 Pa.C.S.A. § 9542 (providing that claims that can be brought under the PCRA *must* be brought under that Act). The PCRA court, relying upon this Court's decision in ***Joseph v. Glunt***, 96 A.3d 365 (Pa. Super. 2014), concluded that White's claim was not cognizable under the PCRA. PCRA Court Opinion, 12/15/15, at 2. The PCRA court's reliance upon ***Glunt*** is misplaced.

In ***Glunt***, the defendant claimed that the Department of Corrections ("DOC") was without authority to detain him based upon the lack of *any* written sentencing order. ***Glunt***, 96 A.3d at 368. This Court explained that "a claim that a defendant's sentence is illegal due to the inability of the DOC

to produce a written sentencing order related to [his] judgment of sentence constitutes a claim legitimately sounding in *habeas corpus.*" **Id.** (citation and internal quotation marks omitted).

Here, White acknowledges the existence of the written sentencing Order. **See** Brief for Appellant at 9 (stating that White "produced a copy of the sente[n]cing order/judgment of sentence"). In his Petition, White challenges the lack of statutory authorization for his sentence, and the sentencing judge's failure to set forth the statutory authorization for the sentence on the record or in the sentencing Order. **Id.** at 8-9. White's claim implicates the legality of his sentence, a claim that is cognizable under the PCRA. **See Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014) (stating that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction") (citation omitted); **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (recognizing that "[the PCRA] provides for an action by which … persons serving illegal sentences may obtain collateral relief"); **see also Commonwealth v. Hackett**, 956 A.2d 978, 986 (Pa. 2008) (explaining that when considering what types of claims are cognizable under the PCRA, "the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review."). Accordingly, we review the denial of White's Petition within the context of the PCRA.

- 4 -

Before we can address the merits of White's claims, we must determine whether White timely filed his PCRA Petition. "[A] court may entertain a challenge to the legality of the sentence[,] so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*). "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007).

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). The three statutory exceptions to the one-year filing requirement are for newly discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, White's judgment of sentence was entered on July 21, 2008, and became final 30 days later, *i.e.*, August 20, 2008, when the time for filing a direct appeal expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in this Court or the United States Supreme Court, or at the expiration of time for seeking such review). White's present Petition, filed on April 8, 2014, is facially untimely. Our review further discloses that White's Petition did not assert any statutory exceptions to the

PCRA's timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Because White did not timely file his PCRA Petition, the PCRA court lacked jurisdiction over White's Petition. We therefore affirm the Order of the PCRA court, which denied White's request for relief.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

---

[4] **See Commonwealth v. Clouser**, 998 A.2d 656, 661, n.3 (Pa. Super. 2010) (recognizing that "[i]t is well-settled that this Court may affirm on any basis").